UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| DWAYNE TREECE, ET AL., | CIVIL ACTION |
| Plaintiffs | |
| VERSUS | NO. 17-10153 |
| PERRIER CONDOMINIUM OWNERS ASSOCIATION, INC., ET AL., | SECTION "E" |
| Defendants | |

## ORDER AND REASONS

Before the Court is Defendants' motion to dismiss Plaintiffs' claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] The motion is opposed.[2] Defendants filed a reply.[3] For the following reasons, the motion is **GRANTED IN PART AND DENIED IN PART.**

## BACKGROUND

Plaintiffs Dwayne and Phallon Treece originally filed suit against their landlord, Clifford Harlan, alleging he engaged in unfair housing practices and seeking damages and injunctive relief.[4] Subsequently, the Treeces and Mr. Harlan aligned, filing an amended complaint as co-plaintiffs, alleging that Perrier Condominiums Owners Association and individual defendants Acruff, Haile, and Jablonowski engaged in unfair housing practices.[5]

According to their complaint, in August 2017, Plaintiff Harlan rented his three-bedroom condominium in the Perrier Street Condominiums to Plaintiffs Dwayne and

---
[1] R. Doc. 30.
[2] R. Doc. 32.
[3] R. Doc. 40.
[4] R. Doc. 2.
[5] R. Doc. 16.

1

Phallon Treece.[6] Plaintiffs Dwayne and Phallon have four small children. Plaintiffs allege Defendants have taken coercive measures to interfere with Plaintiff Dwayne and Phallon's right to occupy the unit free from discrimination on the basis of their familial status.[7] Plaintiffs allege Defendants voted to change the occupancy restriction of the units to be more restrictive, to impose a fine against Plaintiff Harlan for each day his lease violated that more restrictive policy, and to pursue a potential eviction of the Treeces.[8]

Defendants filed the instant motion to dismiss under Rule 12(b)(1), arguing the Court no longer has jurisdiction to adjudicate Plaintiffs' claims because any live case or controversy ended when the Treeces and Harlan aligned as co-plaintiffs.[9] Alternatively, Defendants argue Plaintiffs' claims should be dismissed as moot.[10]

## **LEGAL STANDARD**

"Federal courts are courts of limited jurisdiction; without jurisdiction conferred by statute, they lack the power to adjudicate claims."[11] A motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject-matter jurisdiction.[12] Under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[13] The party asserting jurisdiction bears the burden of establishing that the district court possesses subject-matter jurisdiction.[14] The court should consider the Rule 12(b)(1)

---

[6] R. Doc. 16.
[7] *Id.*
[8] *Id.*
[9] R. Doc. 30-1 at 3-5.
[10] *Id.* at 5-7.
[11] *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012).
[12] *See* FED. R. CIV. P. 12(b)(1).
[13] *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted).
[14] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

jurisdictional attack before addressing any attack on the merits.[15]

Article III of the Constitution limits federal-court jurisdiction to "cases" and "controversies."[16] "It is a standard truism that '[t]here can be no live controversy without at least two active combatants.'"[17] The Supreme Court has interpreted this requirement to demand that "an actual controversy . . . be extant at all stages of review, not merely at the time the complaint is filed."[18] "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot."[19] A case becomes moot, however, "only when it is impossible for a court to grant any effectual relief whatever to the prevailing party."[20] "As long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot."[21]

## LAW AND ANALYSIS

### I. JURISDICTION

Defendants argue this Court does not have jurisdiction to adjudicate Plaintiffs' claims because any live case or controversy ended when the Treeces and Harlan aligned as co-plaintiffs.[22] Plaintiffs argue the Court should look to the amended complaint to make a jurisdictional determination and that a live controversy existed at all times during the litigation.[23]

---

[15] *Id.*
[16] U.S. CONST., ART. III, § 2.
[17] *Goldin v. Bartholow*, 166 F.3d 710 (5th Cir. 1999) (quoting *Martinez v. Winner*, 800 F.2d 230, 231 (10th Cir.1986)).
[18] *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (1997) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)).
[19] *Genesis Healthcare Corp. v. Symczyk*, 569 U.S., at 72 (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–78 (1990)).
[20] *Knox v. Service Employees*, 567 U.S. 298, 307-08 (2012) (internal quotation marks omitted).
[21] *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal quotation marks omitted).
[22] R. Doc. 30-1 at 3-5.
[23] R. Doc. 32.

This Court has original federal question jurisdiction over this civil action under 28 U.S.C. § 1331, as the claim arises under federal law, namely the Fair Housing Act.[24] The Fifth Circuit has explained, a court "must look to the amended complaint in assessing original federal question jurisdiction."[25] As such, courts in the Fifth Circuit looks to the amended complaint for purposes of determining jurisdiction when the claims involve a federal question, regardless of whether the amended complaint removes[26] or confers[27] jurisdiction. For example, in *Boelens v. Redman Homes, Inc.*, the Fifth Circuit found the amended complaint removed the court's jurisdiction. Conversely, in *16 Front Street, L.L.C. v. Mississippi Silicon, L.L.C.*, the Fifth Circuit found the amended complaint conferred jurisdiction on the court.[28]

Looking to the amended complaint in this case, Plaintiffs state a claim invoking this Court's original federal question jurisdiction.[29] Plaintiffs bring claims alleging a violation of the Fair Housing Act, 42 U.S.C. §3604, giving this Court jurisdiction under 28 U.S.C. §1331. Additionally, this Court did not lose jurisdiction to adjudicate this controversy when the Treeces and Harlan aligned as co-plaintiffs. At all times, Plaintiffs had a "personal stake in the outcome of the lawsuit," which could be redressed by a favorable decision from this Court.[30]

Accordingly, the Court **DENIES IN PART** the motion to dismiss for lack of subject matter jurisdiction.

---

[24] R. Doc. 16; 28 U.S.C. § 1331; 42 U.S.C. §3604.
[25] *Boelens v. Redman Homes,* 759 F.2d 504, 508 (5th Cir. 2015).
[26] *Id.*
[27] *16 Front Street LLC v. Miss. Silicon, LLC*, 886 F.3d 549 (5th Cir. 2018).
[28] 886 F.3d at 554.
[29] R. Doc. 16.
[30] *Lewis*, 494 U.S. at 477–78.

## II. MOOT CLAIMS

Defendants argue the Treeces' claims for declaratory and injunctive relief are moot because they no longer occupy the unit in the Perrier Street Condominiums.[31] Plaintiffs admit that several of the claims in the amended complaint have been rendered moot by the expiration of the Treeces' lease and tenancy.[32] Specifically, Plaintiffs admit the following requests for relief are moot:

> (1) the Treeces' request for a permanent injunction enjoining Defendants from taking any action to enforce the Association's unlawful occupancy restrictions as it relates to their tenancy, to terminate the Treeces' tenancy on the basis of familial status, or coerce Haralan to terminate their tenancy on the basis of their familial status or the Association's unlawful occupancy restrictions, R. Doc. 16 at ¶ 86; (2) the request for relief enjoining Defendants from taking any action in violation of their obligations under the lease agreement, R. Doc. 16 at p. 17 (Prayer for Relief, Sec. C); and (3) the request for relief enjoining Defendants from taking any action to coerce Harlan to evict the Treeces, R. Doc. 16 at p. 18 (Prayer for Relief, Sec. E)[33]

Although Plaintiffs do not admit their request for relief enjoining Defendants from taking any action intended to interfere with the Treeces' peaceful use and enjoyment of the property[34] is moot, this request for relief is also moot because the Treeces no longer use and enjoy the property.

Accordingly, the Court **GRANTS IN PART** Defendants' motion to dismiss these four requests for relief as moot.

## III. NON-MOOT CLAIMS

Defendants argue the remainder of Plaintiffs' requests for declaratory and injunctive relief are moot because those requests relate to the Treeces' tenancy of the

---

[31] R. Doc. 30-1 at 5-7; R. Doc. 40 at 6-7.
[32] R. Doc. 32 at 10.
[33] *Id.* n. 5.
[34] R. Doc. 16 at 18, sec. F.

5

unit.[35] Specifically, Plaintiffs request this Court enter an order that enjoins Defendants from discriminating on the basis of familial status,[36] enjoins Defendants from taking any act to enforce the occupancy restrictions,[37] enjoins Defendants from coercing Harlan to enforce the occupancy limit,[38] and declares Defendants violated the Fair Housing Act.[39] Plaintiff argues that the court retains jurisdiction over the requests for injunctive and declaratory relief because they do not relate to the Treeces' tenancy and because both the Treeces and Harlan have standing to request such relief.[40]

When an "aggrieved person" brings suit for a violation of the Fair Housing Act, district courts are empowered to grant "any permanent or temporary injunction . . . or other order" as a remedy.[41] The court may grant "an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate."[42] Relief for a violation of the Fair Housing Act "is to be determined on a case-by-case basis" aimed "towards twin goals insuring that no future violations of the Act occur and removing any lingering effects of past discrimination."[43]

Standing under the Fair Housing Act extends to the full limits of Article III.[44] To establish standing, "A plaintiff must always have suffered 'a distinct and palpable injury to himself,' that is likely to be redressed if the requested relief is granted."[45] A condominium owner has standing to sue the condominium association alleged violations

---

[35] R. Doc. 40 at 6-7.
[36] R. Doc. 16 at 17, sec. B.
[37] *Id.*, sec. D.
[38] *Id.*, sec. E.
[39] *Id.*, sec. A.
[40] R. Doc. 32 at 10-12.
[41] 42 U.S.C. § 3613(c)(1).
[42] 42 U.S.C. § 3613(c)(1).
[43] *United States v. Jamestown Ctr-in-the-Grove Apartments*, 557 F.2d 1079, 1080 (5th Cir. 1977).
[44] *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 372 (1982) (citing *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S. 91 (1979)).
[45] *Gladstone*, 441 U.S. at 100 (quoting *Simon v. Eastern Ky. Welfare Rights. Org.* 426 U.S. 26, 38 (1976).

of the Fair Housing Act and seek injunctive relief to remedy those violations. For example, in *Simovitz v. Chanticleer Condominium Association*, condominium owners had standing to sue under the Fair Housing Act for the condominium association's alleged discrimination in refusing to allow the owners to sell their units to buyers with children under age 18.[46] Similarly, in *Housing Opportunities Project for Excellence, Inc. v. Key Colony No. 4 Condominium Association*, condominium owners had standing to assert claims under the Fair Housing Act against the condominium association for the association's enforcement of a restrictive occupancy policy that discriminated against families with children.[47]

Plaintiffs' claims for injunctive and declaratory relief are not moot merely because the Treeces' no longer occupy a unit in the Perrier Street Condominiums. The requests for injunctive relief addressed in this section are not related to their tenancy of the unit and are expressly authorized in the Fair Housing Act.[48] As the owner of a unit in the Perrier Street Condominiums, Harlan has standing to seek injunctive relief.

Accordingly, the Court **DENIES IN PART** Defendants' motion to dismiss the remainder of Plaintiffs' requests for injunctive relief as moot.

## CONCLUSION

**IT IS ORDERED** that the Defendants' motion to dismiss for lack of subject matter jurisdiction is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the following requests for relief are **DISMISSED WITH PREJUDICE AS MOOT**:

---

[46] *Simovitz v. Chanticleer Condo. Ass'n*, 933 F. Supp. 1394 (N.D. Ill. 1996).
[47] *Hous. Opportunities Project for Excellence, Inc. v. Key Colony No. 4 Condo. Ass'n*, 510 F. Supp. 2d 1003 (S.D. Fl. 2007).
[48] 42 U.S.C. § 3613(c)(1).

7

(1) Plaintiffs' request for a permanent injunction enjoining Defendants from taking any action to enforce the Association's unlawful occupancy restrictions as it relates to their tenancy, to terminate the Treeces' tenancy on the basis of familial status, or coerce Haralan to terminate their tenancy on the basis of their familial status or the Association's unlawful occupancy restrictions.[49]
(2) Plaintiffs' request for relief enjoining Defendants from taking any action in violation of their obligations under the lease agreement.[50]
(3) Plaintiffs' request for relief enjoining Defendants from taking any action to coerce Harlan to evict the Treeces.[51]
(4) Plaintiffs' request for relief enjoining Defendants from taking any action intended to interfere with the Treeces' peaceful use and enjoyment of the property.[52]

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss is **DENIED** with respect to Plaintiffs' remaining requests for relief.

**New Orleans, Louisiana, this 11th day of October, 2018.**

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[49] R. Doc. 16 at ¶ 86.
[50] *Id.* at 17, sec. C.
[51] *Id.* at 18, sec. E.
[52] *Id.*, sec. F.