UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE TREECE, ET AL.<br>    Plaintiffs | CIVIL ACTION |
| VERSUS | NO. 17-10153 |
| PERRIER CONDOMINIUM OWNERS<br>ASSOCIATION, INC., ET AL.,<br>    Defendants | SECTION: "E" |

## ORDER AND REASONS

Before the Court is Defendant Hannah Haile's motion to lift stay and for reconsideration of the Court's order denying partial summary judgment in her favor.[1] Plaintiffs Dwayne and Phallon Treece oppose the motion.[2] Haile filed a reply.[3] For the following reasons, Haile's motion to lift stay and for reconsideration is **DENIED**.

## BACKGROUND

In late spring of 2017, Defendant Hannah Haile sought to rent out her two bedroom unit in the Perrier Condominium.[4] In May of that year, Plaintiffs Dwayne and Phallon Treece showed interest in Haile's unit, and Dwayne viewed it with his son.[5] Over the next few months, Haile and the Treeces communicated about the availability of the unit, but in August, the Treeces leased a different unit in the Perrier Condominium from Plaintiff Harlan.[6] The Treeces allege that, in her communications with them, Haile violated the Fair Housing Act by misrepresenting the availability of her unit, refusing to

---

[1] R. Doc. 340.
[2] R. Doc. 345.
[3] R. Doc. 349.
[4] R. Doc. 211-1, at 11; R. Doc. 275, at 3.
[5] R. Doc. 211-1, at 11; R. Doc. 275, at 3.
[6] R. Doc. 16 ¶ 34; R. Doc. 49 ¶ 34.

1

negotiate, and making her unit unavailable because of their familial status.[7] The Court previously denied Haile's motion for partial summary judgment in which Haile argued the Treeces have not presented any evidence to support their claims. In the instant motion, Haile asks the Court to reconsider that ruling.

## **LEGAL STANDARD**

Generally, the courts in this district evaluate a motion to reconsider an interlocutory order under the same standards as those governing a motion to alter or amend a final judgment brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[8]

A motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued."[9] A motion for reconsideration, however, "is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of [the order].'"[10] "The Court is mindful that '[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[11] "When there exists no independent reason for

---

[7] R. Doc. 16 ¶¶ 74–75.
[8] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. CIV.A. 09-4369 R, 2010 WL 1424398, at *4 (E.D. La. Apr. 5, 2010) ("The general practice of this court has been to evaluate motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.").
[9] *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (citations omitted) (internal quotation marks omitted).
[10] *Lacoste v. Pilgrim Int'l*, No. 07-2904, 2009 WL 1565940, at *8 (E.D. La. June 3, 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004)).
[11] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (alteration in original) (quoting *Templet*, 367 F.3d at 479).

reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[12]

In deciding motions under the Rule 59(e) standards, the courts in this district have considered the following factors:

(1) whether the movant demonstrates the motion is necessary to correct manifest errors of law or fact upon which the judgment is based;
(2) whether the movant presents new evidence;
(3) whether the motion is necessary in order to prevent manifest injustice; and
(4) whether the motion is justified by an intervening change in the controlling law.[13]

## **LAW AND ANALYSIS**

Plaintiffs allege Haile violated 42 U.S.C. § 3604(a) and (d) by making misrepresentations of fact concerning the availability of her unit in the Perrier Condominium and making "unavailable or deny[ing]" housing to the Treeces because of their familial status. Haile argues the Court should reconsider its order denying summary judgment in her favor because the Court made manifest errors of law in its ruling. In particular, Haile asserts (1) she never a made material misstatement of fact to the Treeces, (2) the timeline of events does not show Haile made her unit unavailable to the Treeces, (3) the *Darby v. Heather Ridge*[14] case does not support the Court's ruling, and (4) the Court failed to consider the deposition testimony of Ms. Stone and Ms. Bartlett.

Haile did not include in her statement of undisputed facts attached to her original motion for summary judgment a statement that (1) "she never made any material

---

[12] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at * 3 (E.D. La. Mar. 5, 2012).
[13] *Castrillo*, 2010 WL 1424398, at *4. The Court notes that the time limits of Rule 59 do not apply in this matter because the order appealed is interlocutory. Rules 59 and 60 set forth deadlines for seeking reconsideration of final judgments. *See Carter v. Farmers Rice Milling Co., Inc.*, 33 F. App'x 704 (5th Cir. 2002); *Lightfoot*, 2012 WL 711842, at *2.
[14] *Darby v. Heather Ridge*, 806 F. Supp. 170, 175 (E.D. Mich. 1992).

3

misstatements to the Treeces" nor did she assert that (2) "the timeline of events shows she never discriminated against the Treeces." Presumably because these statements were not included in Haile's statement of undisputed facts, she did not attach or cite any portions of the deposition testimony of Ms. Stone and Ms. Bartlett—the tenants who ultimately occupied Haile's unit after Wilk moved out—potentially supporting those points.[15] As an attachment to her initial motion for summary judgment, Haile submitted only limited portions of the Stone and Bartlett depositions and only on other topics.[16] Only now, on her request for reconsideration, does Haile provide additional large portions of the Stone and Bartlett depositions to support these points she now wishes to make.[17] Haile's first, second, and fourth arguments are in reality attempts to present evidence that she failed to present in her initial motion, even though the evidence was available at the time the motion was filed. Arguments one, two, and four do not establish the Court made a manifest error of law.[18] Haile has merely "reiterate[d] previously made arguments or elaborate[d] on those arguments using information she could have submitted to the Court earlier—none of which warrants reconsideration under Rule 59(e)."[19]

---

[15] In fact, it would have been improper for her to attach portions of the depositions under these circumstances because summary judgment evidence may be submitted only to support or contradict what is claimed to be an undisputed fact. 10A Charles Alan Wright & Arthur R. Miller, 10A Fed. Prac. & Proc. Civ. § 2721 (4th ed.) ("[A] party using materials either to assert that a fact cannot be or that it is genuinely disputed must cite "to particular parts of the materials" supporting its position and should not simply attach voluminous documents without specific explanation.").
[16] R. Doc. 211-12; R. Doc. 211-13; *see also* R. Doc. 299-1; R. Doc. 299-2.
[17] R. Doc. 340-2; R. Doc. 340-3.
[18] Haile does not explicitly argue the Court's ruling should be reconsidered based on new evidence that was not available at the time of its ruling, presumably because she is aware she could not prevail on this basis.
[19] *Riley v. Office of Alcohol & Tobacco Control of the La. Dep't of Revenue,* No. 18-6984, 2019 U.S. Dist. LEXIS 52798, at *7 (E.D. La. Mar. 28, 2019).

In support of her third argument that the Court made a manifest error of law, Hale points to *Darby v. Heather Ridge*.[20] Regarding the plaintiff's § 3604(a) claim in that case, the court stated

> Plaintiffs allege that defendants employed subtle or discrete discrimination which is prohibited by the provision that makes it unlawful to "otherwise make unavailable . . . a dwelling. . . ."
> The subtle or discrete discrimination allegedly practiced by defendants' agents consisted of dilatory tactics, slight misrepresentations of fact, and subtle behavior intended to frustrate plaintiffs' attempts to secure housing at Heather Ridge. They cite in support of their argument the defendants' agents' requests that plaintiffs wait an hour, then an additional thirty minutes in their car before being assisted. Plaintiffs also cite the misstatement of defendants' agent regarding the use of the swimming pool by children. Finally, plaintiffs allege that there existed an overall unfriendly and unwelcoming attitude towards plaintiffs.
> Plaintiffs' assertions are sufficient to preclude a motion for summary judgment because the jury could reasonably draw different conclusions from these allegations.[21]

This Court correctly compared the "subtle or discrete discrimination" alleged in the instant matter—such as Haile's email that may reveal discriminatory intent and the alleged misstatement regarding Wilk's continued occupancy—to the actions alleged in *Darby* and found summary judgment in favor of Haile was precluded. Haile has not established the Court made a manifest error of law in this regard.

Finally, Haile tries to turn an attempt to submit additional evidence into an argument the Court committed manifest error. Haile argues the Court's manifest error was its failure to consider the deposition testimony of Stone and Bartlett, but, as stated above, this is in reality a request that the Court consider additional evidence that was available when the motion was submitted. As already stated, in her initial motion for summary judgment, Haile submitted limited portions of the Stone and Bartlett

---

[20] *Darby v. Heather Ridge*, 806 F. Supp. 170, 175 (E.D. Mich. 1992).
[21] *Id.*

depositions.[22] Then, after extensive briefing, including Haile's reply to Plaintiffs' opposition, Haile sought leave to file into the record additional portions of the Stone and Bartlett depositions as attachments to a response to Plaintiffs' sur-reply to Haile's motion for summary judgment.[23] These materials were untimely, and the Court, in its discretion, denied the motion for leave. In addition, the materials were not properly submitted because they were attached to a response to a sur-reply and were not in support of any statement of undisputed fact put forward by Haile. Haile had not submitted a revised statement of undisputed facts or otherwise properly submitted this summary judgment type evidence to the Court.[24] As a result, the Court denied Haile's request to file a response to Plaintiffs' sur-reply.[25] The Court did not commit any manifest error in failing to consider evidence that either was not before it at all or, at best, was improperly presented in a response to a sur-reply.

"'[R]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.'"[26] "When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted."[27] Haile has not met her

---

[22] R. Doc. 211-12; R. Doc. 211-13.
[23] R. Doc. 299.
[24] 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, 10A FED. PRAC. & PROC. CIV. § 2721 (4th ed.) ("[A] party using materials either to assert that a fact cannot be or that it is genuinely disputed must cite "to particular parts of the materials" supporting its position and should not simply attach voluminous documents without specific explanation.").
[25] R. Doc. 311. Even if the Court had granted Haile's request, however, the attachments to the response did not include all the deposition testimony Haile now wishes to rely on and provide to the Court. *E.g.* R. Doc. 340-1, at 4 (citing Stone Dep. at 70); R. Doc. 340-2; R. Doc. 340-3.
[26] *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *4 (quoting *Templet*, 367 F.3d at 479) (alteration in original).
[27] *Lightfoot v. Hartford Fire Ins. Co.*, No. 07-4833, 2012 WL 711842, at *3 (E.D. La. Mar. 5, 2012).

heavy burden of showing the Court committed a manifest error of law. The evidence she now seeks to rely on was available at the time the motion was filed.[28]

## **CONCLUSION**

**IT IS ORDERED,** for the foregoing reasons, that Defendant Haile's motion to lift stay and for reconsideration is **DENIED**.[29]

**New Orleans, Louisiana, this 2nd day of April, 2020.**

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[28] The convoluted facts recited in Haile's memorandum in support of the motion for reconsideration and the reply, as well as in Plaintiffs' opposition, highlight the factual disputes precluding summary judgment on this claim.

[29] R. Doc. 340. The stay in this matter has been lifted. R. Doc. 347. Accordingly, Haile's motion to lift stay is moot.