## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

DWAYNE TREECE, ET AL.,                                    CIVIL ACTION
    **Plaintiffs**

VERSUS                                                    NO.  17-10153

PERRIER CONDOMINIUM OWNERS                                SECTION: "E" (3)
ASSOCIATION, INC., ET AL.,
    **Defendants**

## ORDER AND REASONS

Before the Court is a motion to revise or modify partial summary judgment[1] by

Plaintiffs Dwayne Treece, Phallon Treece, and Clifford Harlan (collectively, "Plaintiffs").

Defendants Perrier Condominium Owners Association Inc. (the "PCOA"), Katherine E.

Acuff, Christopher J. Jablonowski, and Hanna M Haile (collectively, "Defendants") have

filed an opposition.[2] Plaintiffs have filed a reply.[3] Also before the Court is Defendants'

motion to enter final judgment.[4] Plaintiffs have filed an opposition.[5] Defendants have

filed a reply.[6]

The Court has considered the briefs, the record, and the applicable law, and now

issues its rulings.

## BACKGROUND

### I.    Underlying Facts

Plaintiffs Dwayne and Phallon Treece allege that in 2017 they sought to rent a unit

in the Perrier Condominium for themselves and their four young children.[7] The Treeces

---

[1] R. Doc. 401.
[2] R. Doc. 415.
[3] R. Doc. 418.
[4] R. Doc. 391.
[5] R. Doc. 414.
[6] R. Doc. 419.
[7] R. Doc. 16 at ¶¶ 20-26.

first contacted Defendant Hanna Haile about renting her unit at the Perrier Condominium.[8] Ultimately, they did not rent from Haile, allegedly because she refused to rent them her apartment due to their having young children.[9]

In August 2017, Plaintiffs Dwayne and Phallon Treece, along with their four children, rented a different unit at the Perrier Condominium owned by Plaintiff Clifford Harlan.[10] Defendants Katherine Acuff, Christopher Jablonowski, and Haile individually own the other three units.[11] The four unit owners are the sole members of the Perrier Condominium Owner's Association (PCOA), which administers the Perrier Condominium regime.[12] The Treeces allege that, after they moved into their unit, the Defendants took various actions to harass and attempt to evict them based on their having four children who lived in the unit.[13]

The Court previously found the undisputed facts material to motions for summary judgment filed by the Plaintiffs[14] and Defendants[15] to be, in relevant part:

> The Perrier Condominium contains four units. Plaintiff Harlan and Defendants Acuff, Jablonowski, and Haile each own one of the units. The four unit owners are the sole members of the Perrier Condominium Owners Association (PCOA), which governs the Perrier Condominium regime. In August 2017, the Treeces, a family of six, rented Unit 6036 from Plaintiff Harlan.
>
> The Perrier Condominium is subject to a facially neutral use and occupancy rule stated in the Condominium Declaration. The occupancy rule states "no unit shall be occupied, even for permitted use, by more than one (1) person making such Unit his or her residence for each two hundred fifty (250) square feet of floor area within the Unit." The occupancy rule allows up to five people to occupy Unit 6036. The Treece family exceeds the occupancy limit as applied to Unit 6036.

---

[8] *Id.* at ¶¶ 21-24.
[9] *Id.*
[10] R. Doc. 16 at ¶¶ 1, 13; R. Doc. 49 at ¶¶ 1, 13.
[11] R. Doc. 16 at ¶¶ 14–17; R. Doc. 49 at ¶¶ 14–17.
[12] *Id.*
[13] R. Doc. 16 at ¶¶ 34-57.
[14] R. Doc. 212.
[15] R. Doc. 204.

The PCOA, in part, justifies the occupancy limit as necessary to reduce wear and tear on the Perrier Condominium and its infrastructure. PCOA governing documents empower the PCOA to make repairs to units at the expense of the unit owners. The PCOA has not computed the maximum number of residents that the Perrier Condominium's infrastructure can handle.

The PCOA also justifies its occupancy rule based on "quality of life" concerns such as street parking, backyard space, garbage can management, laundry use, and noise. The Perrier Condominium does not have a parking lot. The Perrier Condominium has four garbage cans. The PCOA rules include a rule governing noise and nuisance. Harlan's unit could be modified to ameliorate noise concerns.

On August 16, 2017, Harlan informed Acuff, Jablonowski, and Haile by email that he had rented his unit to the Treeces. Acuff, whose unit abuts Harlan's unit, responded by email asking, "How long is their lease? And how many children do they have? They are moving in as I write this and I am listening to a kid screaming through the wall and running all over the floors." Haile responded to Harlan's email and stated, "[t]his renter, Dwayne, had actually contact me in regards to renting my unit the very first week I posted it. He came to look with his youngest child. He is a nice guy but I decided the condo was not the best fit as they have 3 small children." Acuff responded by stating "this could be a serious issue. Reasonable limitations on occupancy are 2 people per bedroom. I don't even know that the systems in this building can handle that many people in one unit."

The next day, Acuff emailed the unit owners and stated she had conducted a social media search confirming the Treeces had three children, maybe four. Acuff then texted Haile and Jablonowski a picture of the Treeces' stroller parked in a common area of the Perrier Condominium. Haile responded, "This is completely unacceptable, they will not be storing strollers like that." Soon after, Acuff shared with Haile that she had suggested to Harlan he could evict the Treeces for lying on their application by not listing all of their children. Haile said Harlan needed to get this "sorted out" and that he should be able to break the lease. An hour later, Acuff texted Harlan and Haile that "the bylaws also require 250 per square feet, which means you need 1500" square feet to accommodate six people.

The next day, on August 18, 2017, Acuff texted Haile that she was going to propose a change to the bylaws to limit occupancy to three people per unit. Five days later, on August 21, 2017, Acuff emailed the other three owners to say she would like to have a condominium association meeting "to discuss possible amendments to our bylaws in light of recent events. In that same vein, I think we need to have our bylaws reviewed and updated by an attorney." Acuff also emailed Harlan suggesting various bases on which Harlan could seek to terminate the Treeces' lease, including violations of noise restrictions and the occupancy limit. Harlan wrote back that "the fair

3

housing act says one can't be discriminated against based on family status," and he was concerned evicting a family for failing to list their minor children on the lease might violate the Fair Housing Act. Acuff responded on August 21, 2017, stating "[y]ou can't discriminate on family status, but you can reasonably restrict occupancy levels."

On August 22, 2017, Harlan delivered to Dwayne and Phallon Treece a "Five (5) Day Notice to Vacate Premises." The notice stated,

**PLEASE TAKE NOTICE** that you have violated the following terms in your lease agreement dated August 16, 2017: Section 4: USE OF PREMISES Tenants have violated the lease agreement by occupying the premises with six (6) individuals, rather than the two (2) individuals disclosed and named on the lease agreement. Six (6) occupants is over the Landlord's Condominium Owners' Association Use and Occupancy Restrictions which state "The Units are also restricted to occupancy by no more than one (1) person per two hundred fifty (250) square feet of Unit floor space."

That same evening the unit owners met and by a vote of three in favor and one (Harlan) against, voted to change the occupancy restriction to read, "The Units are also restricted to occupancy by no more than one (1) person per FOUR HUNDRED (400) square feet of Unit floor space" (the "400 square foot rule"). The PCOA and its members have not voted to rescind the 400 square foot occupancy standard. The PCOA submitted the 400 square foot occupancy restriction to an attorney for "review, advice, approval, and implementation." The amendment was never recorded on the public record.

Despite the notice to vacate, Harlan never evicted the Treeces, and on August 31, 2017, Acuff emailed Harlan stating, "If this isn't resolved in a timely manner, we, as an association, can also levy penalties for failure to observe the terms and conditions of the rules. Any expenses we incur as an association can also be assessed against the defaulting owner." On September 8, 2017, Harlan informed the condominium association members "I feel that I am being forced to evict by the other members of the condo association."

The other PCOA members then decided to pursue an eviction themselves. Defendant Haile emailed the other PCOA members, "I believe we need to move on with an eviction ASAP. If they sue us, they will sue us. But at least they will be out . . . . I believe time for nice is over. It's been over." The PCOA members held a special meeting on September 29, 2017. The owners voted, over Harlan's objection, to (1) impose a fine of $100 per day against Harlan beginning Monday, October 2, 2017 for his continued lease of his unit to Dwayne and Phallon and their family and violating the occupancy limit; (2) pursue Dwayne and Phallon's eviction; (3) assess legal fees associated with such eviction against Harlan if the eviction were successful; (4) retain the

4

professional services of an attorney to represent the Association; and (5) install a camera in the Perrier Condominium's common stairwell.[16]

## II.   Claims the Parties Agree Have Been Addressed on Summary Judgment

Dwayne and Phallon Treece sued Haile for "discriminat[ing] against Dwayne and Phallon Treece by printing and publishing statements with respect to the sale or rental of Units within the Perrier Street Condominiums that indicate a preference or limitation on the basis of familial status, in violation of the Fair Housing Act, 42 U.S.C. § 3604(c)."[17] The Court granted summary judgment in favor of Haile on this claim on December 2, 2019.[18]

All Plaintiffs sued all Defendants for "discriminat[ing] against Plaintiffs by printing and publishing statements with respect to the sale or rental of Units within the Perrier Street Condominiums that indicates an occupancy limitation or discrimination on the basis of familial status in violation of the Fair Housing Act, 42 U.S.C. § 3604(c)."[19] The Court granted summary judgment in favor of Defendants on this claim on December 2, 2019.[20]

Harlan sued all Defendants for "discriminat[ing] against Harlan by . . . hav[ing] printed or published their decision or statements with respect to the sale or rental of Harlan's Unit that indicates an occupancy limitation that discriminates on the basis of familial status, all in violation of the Fair Housing Act, 42 U.S.C. § 3604 . . . (c)."[21] The

---

[16] R. Doc. 332 at 5-10 (internal citations omitted).
[17] R. Doc. 16 at ¶ 73.
[18] R. Doc. 174.
[19] R. Doc. 16 at ¶ 76.
[20] R. Doc. 174.
[21] R. Doc. 16 at ¶ 79.

Court granted summary judgment in favor of Defendants on Harlan's § 3604(c) claim on December 2, 2019.[22]

All Plaintiffs sued all Defendants for "discriminat[ing] against Plaintiffs Harlan, Dwayne, and Phallon by adopting occupancy limitations that have the . . . effect of making unavailable or denying housing to families with children in violation of the Fair Housing Act, 42 U.S.C. § 3604(a) and implementing regulations, 24 C.F.R. § 100.500."[23] The Court granted summary judgment in favor of Defendants on Plaintiffs' disparate impact claims under § 3604(a) on February 12, 2021.[24]

### III.    Claims the Parties Agree Are Set for Trial on December 6, 2021

Dwayne and Phallon Treece sued Haile for intentionally "discriminat[ing] against Dwayne and Phallon Treece by refusing to rent her Unit to them or by otherwise making unavailable or denying that Unit because of their familial status, in violation of the Fair Housing Act, 42 U.S.C. § 3604(a)."[25]

Dwayne and Phallon Treece sued Haile for "discriminat[ing] against Dwayne and Phallon Treece by representing to them that Haile's Unit was not available for rental when such dwelling was in fact so available because of their familial status in violation of the Fair Housing Act, 42 U.S.C. § 3604(d)."[26]

### IV.    The Plaintiffs Seek Modification of the February 12, 2021, Order and Reasons to Clarify These Claims Are Pending.

All Plaintiffs sued all Defendants for "discriminat[ing] against Plaintiffs Harlan, Dwayne, and Phallon by adopting occupancy limitations that have the intent and effect of

---

[22] R. Doc. 174. Harlan does not dispute that the Court granted summary judgment in favor of Defendants on his § 3406(c) claims.
[23] R. Doc. 16 at ¶ 77.
[24] R. Doc. 377.
[25] R. Doc. 16 at ¶ 74.
[26] *Id.* at ¶ 75.

making unavailable or denying housing to families with children in violation of the Fair Housing Act, 42 U.S.C. § 3604(a) and implementing regulations, 24 C.F.R. § 100.500."[27] Defendants filed a motion for summary judgment on this claim.[28] The Court granted summary judgment in favor of Defendants on February 12, 2021, stating "Defendants are entitled to summary judgment that Plaintiffs have no claim against them under 42 U.S.C. § 3604(a)."[29] Plaintiffs argue, however, that the summary judgment should have dealt only with claims for disparate impact under § 3604(a) and not intentional disparate treatment.[30]

Harlan sued all Defendants for "discriminat[ing] against Harlan by refusing to allow him to sell his Unit by discriminating against prospective buyers of Harlan's Unit . . . , all in violation of the Fair Housing Act, 42 U.S.C. § 3604(a) (b)."[31] Plaintiffs argue the February 12, 2021, Order and Reasons dealt only with claims for disparate impact under § 3604(a) and not intentional disparate treatment under § 3604(a) or discrimination under § 3604(b).[32] Defendants argue the Court's February 12, 2021, Order and Reasons granted summary judgment in favor of Defendants on Harlan's § 3604(a) and (b) claims.[33]

All Plaintiffs sued all Defendants for "unlawfully coerc[ing], intimidat[ing], threaten[ing], or interfere[ing] with Harlan, Dwayne, and Phallon in the exercise of, or an [sic] account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act, 42 U.S.C. § 3604 on the basis of familial status, in violation of the Fair

---

[27] *Id.* at ¶ 77.
[28] R. Doc. 204.
[29] R. Doc. 377 at 34.
[30] R. Doc. 401; R. Doc. 414; R. Doc. 418.
[31] R. Doc. 16 at ¶ 79.
[32] R. Doc. 401; R. Doc. 414; R. Doc. 418.
[33] R. Doc. 391-1; R. Doc. 415; R. Doc. 419.

Housing Act, 42 U.S.C. § 3617, and implementing regulations 24. C.F.R. § 100.400."[34] The Court granted summary judgment in favor of Defendants on February 12, 2021, stating "Defendants are entitled to summary judgment that Plaintiffs have no claim against them . . . under § 3617 based on a violation of § 3604(a)."[35] Plaintiffs argue, however, that the Court erred in disposing of their § 3617 claims based on a violation of § 3604(a) because there are pending claims under § 3604(a) and (b).[36]

## LAW AND ANALYSIS

### I.    The Court's February 12, 2021, Order and Reasons Should be Modified to Clarify Plaintiffs' Remaining Claims.

Plaintiffs ask the Court to modify its February 12, 2021, Order and Reasons granting summary judgment in favor of Defendants under Federal Rule of Civil Procedure 54(b) to reflect the following claims are still pending:

> All Plaintiffs' claims against all Defendants for intentional disparate treatment under § 3604(a) by adopting occupancy limits that make unavailable or deny housing to families with children;
>
> Harlan's claims against all Defendants under § 3604(a) and (b) for discriminating against Harlan by refusing to allow him to sell his unit through discriminating against prospective buyers of Harlan's unit;
>
> All Plaintiffs' claims against all Defendants under § 3604(b) for discrimination against them in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of their familial status; and
>
> All Plaintiffs' claims against all Defendants under § 3617 for unlawfully coercing, intimidating, threatening, or interfering with Plaintiffs in the exercise of, or on account of their having exercised or enjoyed, their rights granted under the Fair Housing Act.[37]

---

[34] R. Doc. 16 at ¶ 78.
[35] R. Doc. 377 at 34.
[36] R. Doc. 401; R. Doc. 414; R. Doc. 418.
[37] *Id.*

Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."[38] The Court's February 12, 2021, Order and Reasons granting Defendant's motion for summary judgment is an interlocutory judgment, as it did not adjudicate all claims for all parties. The Court is therefore free to reconsider and reverse its decision for any reason it deems sufficient.[39] Accordingly, the Court's February 12, 2021, Order and Reasons[40] may be reconsidered under Rule 54(b).

Under Rule 54(b), the Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."[41] "However, this broad discretion must be exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays."[42] Generally, the approach in the Eastern District of Louisiana is to evaluate Rule 54(b) motions to reconsider interlocutory orders under the same standards that govern Rule 59(e) motions to alter or amend a final judgment.[43] A Rule 59(e) motion "calls into question the correctness of a judgment."[44] In considering a motion for reconsideration, a court must balance the interests of justice with the need for finality.[45] The four factors generally considered in deciding a motion under the Rule 59(e) standard are as follows:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

---

[38] Fed. R. Civ. P. 54(b).
[39] *Acoustic Systems, Inc v. Wenger Corp.*, 207 F.3d 287, 290 (5th Cir. 2000).
[40] R. Doc. 377.
[41] *Melancon v. Texaco, Inc.,* 659 F.2d 551, 553 (5th Cir. 1981).
[42] *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.,* 921 F. Supp. 2d 548, 565 (E.D. La. 2013).
[43] *Id.* at 565 & n.129 (collecting cases).
[44] *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir. 2002).
[45] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.,* 6 F.3d 350, 355 (5th Cir. 1993).

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[46]

However, Rule 54(b) motions are not the proper vehicle for the reconsideration of evidence, legal theories, or arguments.[47] Reconsideration under Rule 54(b) instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[48] It is well settled that motions for reconsideration should not be used to re-urge matters already advanced by a party.[49]

### A.   The February 12, 2021, Order and Reasons Should be Modified to Reflect that All Plaintiffs' Claims Against All Defendants for Disparate Treatment Under § 3604(a) Related to the Occupancy Limit Are Pending.

Plaintiffs argue the Court erred in holding in its February 12, 2021, Order and Reasons that "Defendants are entitled to summary judgment that Plaintiffs have no claim against them under 42 U.S.C. § 3604(a)"[50]  because the Order and Reasons discussed only Plaintiffs' claims for disparate impact discrimination, not their claims for disparate treatment discrimination.[51] Plaintiffs argue they asserted disparate treatment claims in their complaint and have pursued them through discovery.[52]

Section 3604(a) provides that "it shall be unlawful . . . [t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color,

---

[46] *Castrillo v. American Home Mortg. Servicing, Inc.,* No. 09-4369, 2010 WL 1424398, at *4 (E.D. La. April 5, 2010).

[47] *Simon v. United States*, 891 F.2d 1154, 1159 (5t h Cir. 1990).

[48] *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

[49] *Southern Snow Mfg. Co., Inc. v. SnoWizard Holdings, Inc.*, 921 F.Supp.2d 548, 565 (E.D. La. 2013).

[50] R. Doc. 377 at 34.

[51] R. Doc. 401-1 at 3-11; R. Doc. 418 at 3-6.

[52] R. Doc. 401-1 at 3-11; R. Doc. 418 at 3-4.

religion, sex, familial status, or national origin."[53] Both disparate impact and disparate treatment claims are cognizable under § 3604(a).[54] Disparate impact claims are those "asserting an unjustified, disproportionally adverse effect on [protected classes]."[55] Disparate treatment claims are those "asserting 'discriminatory intent or motive.'"[56]

> In their First Amended Complaint, Plaintiffs allege:

> By the actions set forth above, Haile, Acuff, Jablonsky, and the Association have discriminated against Plaintiffs Harlan, Dwayne, and Phallon by adopting occupancy limitations that have the *intent* and effect of making unavailable or denying housing to families with children in violation of the Fair Housing Act, 42 U.S.C. § 3604(a) and implementing regulations, 24 C.F.R. § 100.500.[57]

Plaintiffs clearly reference Defendants' intent to discriminate against them. Plaintiffs supported this claim in their complaint with factual allegations that Defendants intended to discriminate against them, including:

> The occupancy standards enacted by the Association have the *intent* and effect of restricting families with children.
> . . . .

> The two-hundred-fifty square feet occupancy standard adopted and enforced by Defendants in effect in August 2017, when the Treece's moved into the property, . . . [a]s adopted and enforced by Defendants, . . . is *intended to* and has the effect of denying housing for families with children.

> As a result of the two-hundred-fifty square feet occupancy standard originally adopted and enforced by Defendants, only five (5) people may occupy the three-bedroom Unit without regard to the size of the Unit, the configuration of the Unit, the size of the bedrooms, the number of the bedrooms, or the ages of the children.
> . . . .

---

[53] 42 U.S.C. § 3604(a).

[54] *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 901 (5th Cir. 2019) (citing *Tex. Dep't of Hous. & Cmty. Affs. v. Inclusive Cmtys. Project, Inc.*, 576 U.S. 519 (2015)); *see also Crain v. City of Selma*, No. SA–16–CV–408–XR, 2018 WL 548679, at *2 (W.D. Tex. Jan. 23, 2018) (quoting *Pack v. Fort Wash. II*, 689 F. Supp. 2d 1237, 1243 (E.D. Cal. 2009)) (recognizing claims for disparate impact and disparate treatment under § 3604(b)).

[55] *Id.*

[56] *Id.*

[57] R. Doc. 16 at ¶ 77 (emphasis added).

> The act of adopting and promulgating the four-hundred square feet occupancy restriction on August 22 was done *with the purpose of* restricting families with children from moving into the Condominium building. Furthermore, the four-hundred square feet occupancy restriction actually and predictably results in a disproportionate impact on families with children. As adopted and enforced by Defendants, the standard *is intended to* and has the effect of denying housing for families with children.[58]

Neither of the motions the Court considered in its February 12, 2021, summary judgment Order and Reasons addressed Plaintiffs' claims for intentional disparate treatment.[59] Nor did the February 12, 2021, Order and Reasons directly address disparate treatment claims.[60] In fact, in their opposition to Defendants' motion for summary judgment, Plaintiffs maintained they had a separate disparate treatment claim, arguing: "Plaintiffs have pleaded a [sic] underlying violation of intentional discrimination under § 3604(a) in additional to their disparate impact claim with respect to enforcement of the occupancy restriction. Defendants do not move to dismiss this claim on summary judgment."[61]

Accordingly, the Court finds it erred in ruling "Defendants are entitled to summary judgment that Plaintiffs have no claim against them under 42 U.S.C. § 3604(a)."[62] Plaintiffs have asserted claims against Defendants for disparate treatment discrimination under § 3604(a) in adopting occupancy limits. To correct a manifest error of law and to avoid manifest injustice, the Court must amend its February 12, 2021, Order and Reasons to reflect that Defendants are entitled to summary judgment that Plaintiffs have no claim against them *for disparate impact discrimination* under 42 U.S.C. § 3604(a).[63]

---

[58] *Id.* at ¶¶ 57, 60-61, 63 (emphasis added).

[59] R. Doc. 212; R. Doc. 204.

[60] R. Doc. 377. None of the other dispositive orders in this case addressed Plaintiffs' disparate treatment claims either. R. Doc. 41; R. Doc. 174; R. Doc. 332.

[61] R. Doc. 262 at 13.

[62] R. Doc. 377.

[63] The Court in no way determines whether Plaintiffs have adequately stated a claim for disparate treatment discrimination under § 3604(a)—or for any of the other pending claims the Court recognizes in this Order—

Defendants argue only that Plaintiffs' disparate treatment claims have no merit;[64] however, that argument is irrelevant to Plaintiffs' current motion, which only seeks to clarify the Court has not ruled on the merits of Plaintiffs' § 3604(a) disparate treatment claims. The Court has not ruled on the merits of those claims, and the appropriate motion has not been filed for the Court to do so.[65]

### B. The February 12, 2021, Order and Reasons Should be Modified to Reflect that Harlan's Claims Against All Defendants for Disparate Treatment Under § 3604(a) and Discrimination Under § 3604(b) Related to the Discrimination Against His Prospective Buyers Are Pending.

Harlan argues the Court erred in holding in its February 12, 2021, Order and Reasons that "Defendants are entitled to summary judgment that Plaintiffs[, including Harlan,] have no claim against them under 42 U.S.C. § 3604(a)" [66] because the Order discussed only Plaintiffs' claims for disparate impact discrimination, not their claims for disparate treatment discrimination.[67] Harlan argues he included his disparate treatment claims in the complaint and has pursued them through discovery.[68]

In the First Amended Complaint, Harlan alleges:

> By the actions set forth above, Defendants have discriminated against Harlan by refusing to allow him to sell his Unit by discriminating against prospective buyers of Harlan's Unit and have printed or published their decision or statements with respect to the sale or rental of Harlan's Unit that indicates an occupancy limitation that discriminates on the basis of familial status, all in violation of the Fair Housing Act, 42 U.S.C. § 3406(a) (b) (c).[69]

---

sufficient to survive a motion to dismiss or motion for summary judgment. The Court finds only that the Plaintiffs brought these claims in their complaint, and they have not yet been addressed on the merits.
[64] R. Doc. 415 at 2–11.
[65] In their reply, Defendants ask the Court to dismiss Plaintiffs' claims if the Court finds they have not been disposed of already. R. Doc. 419 at 9. The Scheduling Order in this case provides the deadline to file and serve non-evidentiary pretrial motions is January 7, 2020. R. Doc. 381. Defendants made this request on October 13, 2021. Even if the court construed Defendants' motion as a motion to dismiss or for summary judgment, such a motion would be untimely under the Scheduling Order. The Court will not address the merits of any of Plaintiffs' claims in this Order.
[66] R. Doc. 377 at 34.
[67] R. Doc. 401-1 at 3–11; R. Doc. 418 at 3–6.
[68] R. Doc. 401-1 at 3–11; R. Doc. 418 at 3–4.
[69] R. Doc. 16 at ¶ 79.

Harlan has clearly stated a claim under § 3406(a), and the allegation that they "refused to allow him" implies intentional conduct. Harlan supported this claim with factual allegations, stated in section I.A above, that Defendants intended to discriminate against him and those with families.[70]

As explained above, the February 12, 2021, Order and Reasons did not address Plaintiffs', including Harlan's, claims for disparate treatment under § 3406(a). Accordingly, the Court finds it erred in ruling "Defendants are entitled to summary judgment that Plaintiffs have no claim against them under 42 U.S.C. § 3604(a)."[71] Harlan has asserted claims against Defendants for disparate treatment under § 3604(a) in discriminating against his prospective buyers. To correct a manifest error of law and to avoid manifest injustice, the Court must amend its February 12, 2021, Order and Reasons to reflect that Defendants are entitled to summary judgment that Harlan has no claim against them *for disparate impact discrimination* under 42 U.S.C. § 3604(a).

Harlan alleges claims against Defendants under § 3604(b). Defendants argue the Court granted summary judgment in favor of Defendants on these claims in its February 12, 2021, Order and Reasons.[72] However, that order does not mention § 3604(b).[73] It addresses claims only under § 3604(a) and § 3617.[74] In fact, in their opposition to Defendants' motion for summary judgment, Plaintiffs maintained Harlan's § 3604(b) claim was pending and was not challenged in that motion, arguing "Plaintiff Harlan has a surviving claim that Defendants discriminated against him by imposing discriminatory terms and conditions—onerous daily fines—because he continued to rent his unit to

---

[70] *Id.* at ¶¶ 57, 60-61, 63.
[71] R. Doc. 377.
[72] R. Doc. 391-1 at 3-4
[73] R. Doc. 377.
[74] *See id.*

family [sic] with children in violation of Sec. 3604(b)."[75] None of the other dispositive orders in this case address Harlan's § 3604(b) claims.[76] Accordingly, Harlan's claims under § 3604(b) for discriminating against his prospective buyers are still pending, and no modification of the February 12, 2021, Order and Reasons is needed.

### C. The February 12, 2021, Order and Reasons Will Not Be Modified to Reflect that the Plaintiffs Have Claims Against All Defendants Under § 3604(b) for Harassing and Attempting to Evict the Treeces After They Moved in.

In their reply, Plaintiffs for the first time request the Court recognize that, although they only directly stated a claim under § 3604(a), the allegations in their complaint encompass claims under § 3604(b) as well, apart from Harlan's individual § 3604(b) claim.[77]

District courts may not generally "review arguments raised for the first time in [a] reply brief."[78] In their original motion to modify partial summary judgment, Plaintiffs ask the Court only "(1) to reflect Plaintiffs had alleged a claim of intentional discrimination under 42 U.S.C. § 3604(a) that the Court has not dismissed and (2) to reinstate Plaintiffs' claim under 42 U.S.C. § 3617 because an underlying substantive violation of the Fair Housing Act (the intentional violation of § 3604(a)) remains."[79]  They do not mention or request relief with respect to § 3604(b).

---

[75] R. Doc. 262 at 13.

[76] R. Doc. 41; R. Doc. 174; R. Doc. 332.

[77] R. Doc. 418 at 7-8.

[78] *RedHawk Holdings Corp. v. Schreiber*, 836 F. App'x 232, 235 (5th Cir. 2020) (alteration in original) (quoting *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1437 (5th Cir. 1989)). "On occasion, however, a district court may consider arguments and evidence raised for the first time in a reply brief without abusing its discretion 'so long as it gives "the non-movant an adequate opportunity to respond prior to a ruling."'" *Id.* (quoting *Thompson v. Dall. City Att'y's Off.*, 913 F.3d 464, 471 (5th Cir. 2019)). The Court did not provide Defendants an opportunity to respond to Plaintiffs' new § 3604(b) arguments in this case.

[79] R. Doc. 401-1 at 1.

Moreover, in the first amended complaint, the only reference to § 3604(b) is Harlan's claim, discussed above.[80] In the Plaintiffs' opposition to Defendants' motion for summary judgment on Plaintiffs' § 3617 claims, they reiterated what claims remained, in the event the Court ruled against them on their claims for § 3604(a) disparate impact discrimination.[81] Plaintiffs noted only the "underlying violation of intentional discrimination under § 3604(a)" and "Harlan['s] . . . surviving claim that Defendants discriminated against him . . . in violation of Sec. 3604(b)."[82]

For these reasons, the Court will not modify the February 12, 2021, Order and Reasons to reflect that Plaintiffs' allegations encompass additional claims under § 3604(b), apart from Harlan's individual § 3604(b) claim.

### D. The February 12, 2021, Order and Reasons Should be Modified to Reflect the Plaintiffs' § 3617 Claims Are Pending Because Plaintiffs Have Claims Pending Under § 3604(a) and (b).

Plaintiffs argue the Court erred in holding in its February 12, 2021, Order and Reasons that "Defendants are entitled to summary judgment that Plaintiffs have no claim against them . . . under § 3617 based on a violation of § 3604(a)"[83] because Plaintiffs have pending underlying claims for intentional discrimination under § 3604(a) and (b).[84]

Section 3617 provides:

> It shall be unlawful to coerce, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.[85]

---

[80] R. Doc. 16 at ¶ 79.
[81] R. Doc. 262 at 13.
[82] *Id.*
[83] R. Doc. 377 at 34.
[84] R. Doc. 401-1 at 1-2, 11; R. Doc. 418 at 8-10.
[85] 42 U.S.C. § 3617.

16

Addressing Plaintiffs' § 3617 claims in the February 12, 2021, Order and Reasons, the Court stated "the Fifth Circuit has held § 3617 claims do require an underlying violation of §§ 3603, 3604, 3605, or 3606," and because "Plaintiffs in this case have not asserted a claim under § 3604(a)," they "cannot assert a claim that Defendants unlawfully coerced, intimated, threatened, or interfered with Plaintiffs in the exercise of, or on account of their having exercised or enjoyed, their rights granted or protected by § 3604(a)."[86]

However, as explained above, Plaintiffs have asserted claims for intentional discrimination under § 3604(a) and (b) that are pending. In fact, as explained above, the Plaintiffs pointed to these claims in their opposition to Defendants' motion for summary judgment on their § 3617 claims.[87] Accordingly, the Court erred in holding "Defendants are entitled to summary judgment that Plaintiffs have no claim against them . . . under § 3617."[88] To correct a manifest error of law and to avoid manifest injustice, the Court must amend its February 12, 2021, Order and Reasons to reflect that Defendants are not entitled to summary judgment on Defendants' claims under 42 U.S.C. § 3617.

## II.   Defendants Are Not Entitled to a Final Judgment on Those of Plaintiffs' Claims Which the Court Has Addressed on the Merits.

Defendants ask the Court to issue a partial final judgment under Rule 54(b) on those of Plaintiffs' claims which the Court has addressed on the merits.[89] Defendants argue the Court has disposed of all of Plaintiffs' claims except for the claims by the Treeces against Haile under § 3604(a) and (d).[90] However, as explained above, there are other claims pending, as well. The only claims the Court has adjudicated are Plaintiffs' claims

---

[86] R. Doc. 377 at 32, 34; *see also Treece v. Perrier Condo. Ass'n, Inc.*, 519 F. Supp. 3d 342, 364-65 (E.D. La 2021).
[87] R. Doc. 262 at 13.
[88] R. Doc. 377 at 34.
[89] R. Doc. 391.
[90] *Id.* at 3-5, 6-7; R. Doc. 419 at 1-3.

for publication of discriminatory statements under § 3604(c) and Plaintiffs' claims for disparate impact discrimination under § 3604(a). Accordingly, the Court limits Defendants' motion to requesting a partial judgment on these claims.

Defendants' argument that final judgment is necessary was primarily based on their contention that the only remaining claims in this case were the claims by the Treeces against Haile under § 3604(a) and (d), which would not involve the other Defendants or Harlan.[91] This argument is irrelevant as there are claims pending against all Defendants, as explained above. Defendants also argue the lack of finality in this case will cause continued expense, emotional strain, and stigma to Defendants, especially since there is a risk the trial will be delayed due to COVID-19 concerns.[92] In particular, they state Acuff has taken out interest-bearing loans to fund her defense and will be prejudiced by continued delay.[93]

Plaintiffs argue litigation expenses, time, and stress are not the sort of hardships Rule 54(b) is intended to avoid, as they are present in every case, and an appeal would involve just as much time and money.[94] Plaintiffs also argue any delay will be modest because trial is soon approaching.[95] Plaintiffs argue the fact that it is Plaintiffs, not Defendants, who will be the ones to appeal also weighs against entering a partial final judgment as Defendants would be forcing Plaintiffs to seek or not seek appellate relief at this time.[96] Finally, Plaintiffs argue all Defendants have claims pending against them, and it would be improper to issue a partial final judgment with respect to some of the claims

---

[91] R. Doc. 391 at 3-5, 6-7; R. Doc. 419 at 1-3.
[92] R. Doc. 391 at 7-10; R. Doc. 419 at 4-8.
[93] R. Doc. 391 at 9.
[94] R. Doc. 414 at 2-4.
[95] *Id.* at 4-5.
[96] *Id.* at 5.

against them.[97] The Plaintiffs argue the pending claims and the dismissed claims are related and would confuse the appeals process if they are appealed piecemeal.[98]

Rule 54(b) states:

When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.[99]

When ruling on a Rule 54(b) motion, the Court "must first determine that it is dealing with a final judgment," meaning the order is the ultimate disposition upon a cognizable claim for relief.[100] Then, the Court must determine whether there is any just reason for delay, weighing "the inconvenience and costs of piecemeal review on the one hand and the danger of denying justice by delay on the other."[101] When engaging in this balancing, the Court should consider whether the claims in the case are "separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."[102] "Rule 54(b) judgments are not favored and should be awarded only when necessary to avoid injustice."[103]

While the Court has disposed of Plaintiffs' claims for publication of discriminatory statements under § 3604(c) and Plaintiffs' claims for disparate impact discrimination under § 3604(a), the Court finds there is just reason for delay in entering final judgment.

---

[97] *Id.* at 6-7.
[98] *Id.* at 7-9.
[99] Fed. R. Civ. P. 54(b).
[100] *Williams v. Traylor-Massman-Weeks, LLC*, No. 10-2309, 2011 WL 4959365, *1 (E.D. La. Oct. 18, 2011) (quoting *Curtiss–Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7 (1980)) (internal quotations omitted).
[101] *Rd. Sprinkler Fitters Local Union v. Cont'l Sprinkler Co.*, 967 F.2d 145, 148 (5th Cir. 1992) (quoting *Dickinson v. Petroleum Conversion Corp.*, 338 U.S. 507, 511 (1950)).
[102] *Curtiss-Wright Corp.*, 466 U.S. at 8.
[103] *Menard v. LLOG Expl. Co.*, No. 16-489, 2017 WL 1426968, at *1 (E.D. La. Apr. 21, 2017) (citing *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 81 F. 3d 1412, 1421 (5th Cir. 1996)).

The only hardships Defendants point to are continued expense and emotional strain throughout the duration of this case. These types of hardships are "present in every case . . . and do[] not indicate that this is the sort of 'infrequent hard [sic] case' that Rule 54(b) was designed to address."[104] Indeed, there is little risk of denying Defendants justice as "[t]his is not the usual case of the losing party requesting the entry of final judgment under Rule 54(b), but rather the prevailing party seeking to force the losing party to seek (or not seek) appellate relief."[105] On the other hand, the inconvenience of piecemeal review looms large. The majority of Plaintiffs' claims still are pending in this Court, while only two types of claims, § 3604(c) and disparate impact discrimination under § 3604(a), have been fully adjudicated. These adjudicated claims have substantially overlapping facts with the pending claims, and the claims currently pending are against *all* Defendants. This is not a case in which the Court has completely dismissed all claims against one Defendant. If the Court entered final judgment on the adjudicated claims, parallel appeals, each involving all parties, would likely ensue on similar issues, which is the exact duplicative and piecemeal review Rule 54(b) seeks to avoid.[106] For these reasons, the Court will not enter partial final judgment for the § 3604(c) claims and § 3604(a) disparate impact claims against Defendants.

## CONCLUSION

**IT IS ORDERED** that Plaintiffs Dwayne Treece, Phallon Treece, and Clifford Harlan's motion to revise or modify partial summary judgment[107] is **GRANTED**. The

---

[104] *Cf. id.* at *2 (quoting *Jasmin v. Dumas*, 726 F.2d 242, 244 (5th Cir. 1984)) (citing *Tow v. Bulmahn*, No. 15-3141, 2016 WL 3554720, at *2 (E.D. La. June 30, 2016)).

[105] *See Onyx Props. LLC v. Bd. of Cnty. Comm'rs of Elbert Cnty.*, 916 F. Supp. 2d 1191, 1211 (D. Colo. 2012); *see also Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, No. 18-2885, 2020 WL 2924051, at *1-2 (E.D. La. June 3, 2020).

[106] *See PYCA Indus.*, 81 F. 3d at 1421.

[107] R. Doc. 401.

February 12, 2021, Order and Reasons granting summary judgment in favor of Defendants[108] is modified as follows:

> **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Partial Summary Judgment[109] is **DENIED**. Defendants' Motion for Partial Summary Judgment[110] is **GRANTED IN PART**. Defendants are entitled to summary judgment that Plaintiffs have no claim against them for disparate impact discrimination under 42 U.S.C. § 3604(a).[111]

> **IT IS FURTHER ORDERED** that Defendants Perrier Condominium Owners Association Inc., Katherine E. Acuff, Christopher J. Jablonowski, and Hanna M Haile's motion to enter final judgment[112] is **DENIED**.

To avoid the possibility of prejudice due to the short period of time between this clarification of which claims remain and the upcoming December 6, 2021 trial, the only claims to be tried will be:

> Dwayne and Phallon Treece's claims against Haile under 42 U.S.C. § 3604(a) for intentionally "discriminat[ing] against Dwayne and Phallon Treece by refusing to rent her Unit to them or by otherwise making unavailable or denying that Unit because of their familial status."[113]

> Dwayne and Phallon Treece's claims against Haile under 42 U.S.C. § 3604(d) for "discriminat[ing] against Dwayne and Phallon Treece by representing to them that Haile's Unit was not available for rental when such dwelling was in fact so available because of their familial status."[114]

The remaining claims, which are not set for trial on December 6, 2021, are:

> All Plaintiffs' claims against all Defendants for intentional disparate treatment discrimination under 42 U.S.C. § 3604(a) and implementing regulations, 24 C.F.R. § 100.500, for "adopting occupancy limitations that have the intent . . . of making unavailable or denying housing to families with children."[115]

---

[108] R. Doc. 377.

[109] R. Doc. 212

[110] R. Doc. 204.

[111] Defendants are not entitled to summary judgment on Plaintiffs' § 3617 claims as Plaintiffs have remaining claims pending under § 3604(a) and (b).

[112] R. Doc. 391.

[113] R. Doc. 16 at ¶ 74.

[114] *Id.* ¶ 75; *see* Fed. R. Civ. Pro. 42(b).

[115] *Id.* ¶ 77.

Harlan's claims against all Defendants under 42 U.S.C. § 3604(a) and (b) for "discriminat[ing] against Harlan by refusing to allow him to sell his Unit by discriminating against prospective buyers of Harlan's Unit."[116]

All Plaintiffs' claims against all Defendants under 42 U.S.C. § 3617 and implementing regulations, 24. C.F.R. § 100.400, for "unlawfully coerc[ing], intimidat[ing], threaten[ing], or interfere[ing] with Harlan, Dwayne, and Phallon in the exercise of, or an [sic] account of their having exercised or enjoyed, their rights granted or protected by the Fair Housing Act, 42 U.S.C. § 3604 on the basis of familial status."[117]

**New Orleans, Louisiana, this 28th day of October, 2021.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[116] *Id.* ¶ 79.
[117] *Id.* ¶ 78. Plaintiffs' § 3617 claims are limited to the underlying alleged violations of § 3604(a) for disparate treatment discrimination and the alleged violation of § 3604(b) for Harlan's claim related to the inability to sell his unit. *See Treece*, 519 F. Supp. 3d at 364-65.